PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
KENNETH G. LAU, State Bar No. 155314
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4480 telephone
(213) 894-2603 facsimile
Email:    *Kenneth.G.Lau@usdoj.gov*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

| | |
|---|---|
| In re:<br><br>OKECHUKWO UKAEGBE,<br><br>    Debtor.<br><br>UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA, REGION 16,<br><br>    Plaintiff,<br><br>vs.<br><br>OKECHUKWO UKAEGBE, aka OKECHUKWU OBIOMA UKAEGBE, aka OBIOMA UKAEGBE, aka OBIOMA OKECHUKW UKAEGBE,<br><br>    Defendant. | Case No.: 2:16-bk-16568 WB<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-0____ WB<br><br>COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A) and (D)<br><br>(Status conference to be set by the Court - See summons) |

Plaintiff, United States Trustee for the Central District of California, Region 16, by the undersigned attorney, respectfully represents and alleges as follows:

///

///

///

1

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, 11 U.S.C. § 727, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7001(4). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

2. This adversary proceeding arises out of and relates to the now-pending Chapter 7 case of In re: OKECHUKWO UKAEGBE, Case No. 2:16-bk-16568 WB, which commenced by the filing of a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on May 18, 2016 and was voluntarily converted by the Debtor representing himself pro se to Chapter 7 on or about June 24, 2016. Therefore, venue is proper pursuant to 28 U.S.C. § 1409.

3. The Bankruptcy Code at 11 U.S.C. § 727(c)(1) provides that the United States Trustee may object to the granting of a discharge under 11 U.S.C. § 727(a).

## PARTIES TO THE ACTION

4. As of the commencement date of this action, Plaintiff is and was the United States Trustee for the Central District of California, Region 16 ("Plaintiff" or "U.S. Trustee").

5. Defendant and Debtor OKECHUKWO UKAEGBE, (hereafter "Debtor" or "Defendant") is the petitioner in bankruptcy case no. 2:16-bk-16568 WB, representing himself pro se. Debtor's formal mailing address listed on the bankruptcy filing is 1467 Abbottson Street, Carson, California 90746 ("Carson address"). Plaintiff will accordingly serve this complaint on Defendant pro se at such mailing address.

## STATEMENT OF STANDING

6. Plaintiff, as the United States Trustee for the Central District of California, Region 16, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates paragraphs 1 through 6 inclusive, as if fully set forth herein.

8. Defendant, allegedly representing himself pro se, commenced the pending bankruptcy case by filing a voluntary, individual Chapter 13 petition and related schedules and statements ("Case #4") on May 18, 2016.

9. Defendant pro se failed to identify any prior bankruptcy filings on either the petition[1] or LBR 1015-2 <u>Statement of Related Cases</u>. However, as noted by the Court on this Case Docket, the present Case #4 appears to be at least the fourth bankruptcy case filed and maintained by the same Debtor during the past 6 years since calendar year 2010. Indeed, the U.S. Trustee's inquiry and analysis reveals that Debtor actually has filed and maintained at least three (3) prior bankruptcy cases, to wit:

- *In re Okechukwu Obioma Ukaegbe*, Case No. 2:10-bk-22620 RN, filed on April 1, 2010 in the Central District of California Bankruptcy Court as a Chapter 7 case. Debtor received his requested Chapter 7 bankruptcy discharge on August 2, 2010 ("Case #1");
- *In re Obioma Ukaege, aka Obioma Okechukw Ukaege*, Case No. 2:14-bk-22093 VZ, filed on June 23, 2014 in the Central District of California Bankruptcy Court as a Chapter 13 case. As in the instant case, Debtor failed to appear for his § 341(a) examination. On August 6, 2014, the Court dismissed Debtor's case under 11 U.S.C. §§ 1307 and 109(g) with a 180-day refiling bar, between August 6, 2014 and February 1, 2015[2] ("Case #2"); and
- *In re Obioma Ukaegbe, aka Obioma Okechukw Ukaegbe*, Case No. 2:15-bk-12075 WB, filed eleven days after the expiration of the previous refiling bar, on February 12, 2015 in the Central District of California Bankruptcy Court as a Chapter 13 case. Once again, as in the instant case, Debtor failed to appear for his § 341(a) examination. On April 24, 2015, the Court dismissed Debtor's case. ("Case #3).

10. Less than a month later, on May 18, 2016, Debtor pro se commenced the current Case #4, which like Cases #2 and #3 commenced as a Chapter 13 case.

11. On May 31, 2016, among the documents filed by Debtor in conjunction with Case #4 was a Certificate of Credit Counseling ("Debtor's CCC") purportedly evidencing that Debtor

---

[1] Indeed, Debtor's petition in the instant bankruptcy case affirmatively (and falsely) states that he has not filed for bankruptcy within the last 8 years.

[2] Debtor filed two separate Motions to Set Aside the 180-day restriction to file a new bankruptcy petition on November 4, 2014 and again on November 13, 2014. Both of Debtor's motions were denied, on November 10, 2014 and February 5, 2015, respectively.

3

1 | had taken the required credit counseling pre-petition the day before his May 18, 2016 voluntary
2 | commencement of Case #4, on May 17, 2016.

3 |     12.    However, notwithstanding the Debtor's sworn statement filed on May 31, 2016, that
4 | he had taken the required credit counseling within the 180-day prepetition period, Debtor's CCC is
5 | an objectively fake and falsified document. Indeed, Allen Credit and Debt Counseling Agency, the
6 | alleged education provider for Debtor, has no record of any customer bearing Debtor's name and
7 | did not issue a certificate with the number listed on Debtor's CCC during the time frame
8 | surrounding Case #4.

9 |     13.    The Debtor pro se converted the instant Case #4 to a Chapter 7 proceeding on June
10 | 24, 2016, the Friday before the initial Chapter 13 § 341(a) meeting was scheduled to take place on
11 | Tuesday, June 28, 2016. On June 29, 2016, Chapter 13 Trustee Nancy Curry filed her declaration
12 | attesting that the Debtor failed to appear at the June 28, 2016 § 341(a) examination, and had not
13 | previously tendered any plan payments to Trustee Curry.

14 |     14.    Carolyn Dye is currently the Chapter 7 trustee appointed for Debtor's case. The first
15 | Chapter 7 § 341(a) was set by the Court for July 29, 2016, but as with every § 341(a) examination
16 | scheduled in Cases #2, #3 and the instant #4, Debtor pro se again failed to appear for the required
17 | examination. The Chapter 7 § 341(a) examination for the instant Case #4 was continued to the
18 | present date of August 23, 2016.

19 | <center>FIRST CLAIM FOR RELIEF</center>
20 | <center>[False Oath or Account by Debtor Pursuant to 11 U.S.C. § 727(a)(4)(A)]</center>

21 |     15.    Plaintiff hereby realleges and incorporates by this reference each and every
22 | allegation contained in paragraph 1 through 14, inclusive, as though fully set forth herein.

23 |     16.    As part of the Bankruptcy Petition filed by Defendant pro se regarding the required
24 | credit counseling, at Part 5, the Defendant certified under penalty of perjury by Defendant's
25 | signature that Defendant received a briefing from a credit counseling agency approved by the
26 | United States trustee or bankruptcy administrator within 180 days prior to the subject bankruptcy
27 | filing. In support of Defendant's declaration, Defendant attached Debtor's CCC stating that
28 | Defendant received counseling from Allen Credit and Debt Counseling Agency on May 17, 2016.

17. Section 109(h)(1) of the Bankruptcy Code states that:

  Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. (emphasis added).

18. A debtor's duty to file such credit counseling certificates with the Court is set forth in 11 U.S.C. § 521(b)(1).

19. Pursuant to 11 U.S.C. § 727(a)(4)(A), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case–(A) made a false oath or account...".

20. Under penalty of perjury, Defendant has attested to the truth and correctness of the information provided in Part 5 of the Bankruptcy Petition as well as Debtor's CCC for the instant case, including a statement that a copy of the certificate reflecting the credit counseling course Defendant received within 180 days prior to the subject bankruptcy filing.

21. Despite Debtor's attestation, under oath, the U.S. Trustee alleges that the Debtor's subject and underlying CCC is objectively a fake and falsified document because Allen Credit and Debt Counseling Agency, the alleged education provider for Debtor, has no record of any customer bearing Debtor's name and did not issue a certificate with the number listed on Debtor's CCC during the time frame surrounding the instant Case #4.

22. Defendant pro se also failed to identify any prior bankruptcy filings on either the petition or LBR 1015-2 <u>Statement of Related Cases</u>. However, as noted by the Court on this Case Docket, the present Case #4 appears to be at least the fourth bankruptcy case filed and maintained by the same Debtor during the past 6 years since calendar year 2010, to wit:

- *In re Okechukwu Obioma Ukaegbe*, Case No. 2:10-bk-22620 RN, filed on April 1, 2010 in the Central District of California Bankruptcy Court as a Chapter 7 case. Debtor received his requested Chapter 7 bankruptcy discharge on August 2, 2010 ("Case #1);

- *In re Obioma Ukaege, aka Obioma Okechukw Ukaege*, Case No. 2:14-bk-22093 VZ, filed on June 23, 2014 in the Central District of California Bankruptcy Court as a Chapter 13 case. As in the instant case, Debtor failed to appear for his § 341(a) examination. On August 6, 2014, the Court dismissed Debtor's case under 11 U.S.C. §§ 1307 and 109(g) with a 180-day refiling bar, between August 6, 2014 and February 1, 2015 ("Case #2); and

- *In re Obioma Ukaegbe, aka Obioma Okechukw Ukaegbe*, Case No. 2:15-bk-12075 WB, filed eleven days after the expiration of the previous refiling bar, on February 12, 2015 in the Central District of California Bankruptcy Court as a Chapter 13 case. Once again, as in the instant case, Debtor failed to appear for his § 341(a) examination. On April 24, 2015, the Court dismissed Debtor's case. ("Case #3).

23.   Plaintiff alleges that Defendant's conduct in altering or filing an altered Certificate of Credit Counseling; and failing to disclose or otherwise identify any of Defendant's prior bankruptcy cases—at least 4 cases, and one prior Chapter 7 discharge, in the 6-year period since April, 2010-- reflects that Defendant knowingly and fraudulently and in connection with the subject Case #4 bankruptcy case made one or more false oaths and accounts.

24.   Accordingly, Debtor's discharge should be denied as a consequence of knowingly and fraudulently, in connection with this case, making a false oath and account.

SECOND CLAIM FOR RELIEF

[Debtor's Withholding of Documents and Records in Violation of 11 U.S.C. § 727(a)(4)(D)]

25.   Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 24, inclusive, as though fully set forth herein.

26.   Pursuant to 11 U.S.C. § 727(a)(4)(D), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case–...(D) withheld from an officer of the estate entitled to possession under this title, any recorded

information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

27. Under 11 U.S.C. § 521(a)(4), the Debtor has a duty to surrender to the Chapter 7 trustee "all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..". The U.S. Trustee, under 28 U.S.C. § 586(a)(1) establishes, maintains, and supervises the panel of each and all Chapter 7 trustees in the district and under 28 U.S.C. § 586(a)(3) is charged with the statutory duty to supervise the administration of the cases and trustees in cases under chapter 7, 11, and 13 of Title 11. As such, the U.S. Trustee and the Chapter 7 Trustee are entitled to possession of any recorded information relating to Debtor's property or financial affairs.

28. Plaintiff alleges that Defendant's conduct in altering or filing an altered Certificate of Credit Counseling, filing a Chapter 13 and then converting to Chapter 7 without any apparent intention of completing the bankruptcy,[3] and failing to attend or otherwise participate any § 341(a) meeting of creditors, including a failure to produce any documents in support of the Defendant's statements on the bankruptcy schedules and petition are correct under penalty of perjury, reflect that Defendant—who has filed and maintained at least three (3) prior bankruptcies, and has received at least one prior Chapter 7 bankruptcy discharge-- knowingly and fraudulently and in connection with Defendant's pro se bankruptcy case withheld recorded information relating to Defendant's underlying financial affairs and property.

29. Accordingly, Debtor's discharge should be denied as a consequence of knowingly and fraudulently, in connection with the case, withholding recorded information relating to his property and financial information.

WHEREFORE, Plaintiff prays for judgment as follows:

///

---

[3] Plaintiff U.S. Trustee notes that under 11 U.S.C. § 727(a)(8), given the Chapter 7 discharge Defendant received in *In re Okechukwu Obioma Ukaegbe*, 2:10-bk-22620 RN, commenced on April 1, 2010, as a matter of law, Defendant is statutorily prohibited from receiving a Chapter 7 discharge in the instant Case #4, as it was commenced within the 8-year prohibition period.

ON ALL CLAIMS FOR RELIEF

    A.    That Debtor's discharge be denied; and

    B.    For such other and further relief as the Court deems just and proper.

DATED: August 11, 2016

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
KENNETH G. LAU
Attorney for the United States Trustee